UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASMINE A. ANDERSON,

      **Plaintiff,**

    v.                                **Civil Action 2:26-cv-357**
                                            **Judge Michael H. Watson**
                                          **Magistrate Judge Chelsey M. Vascura**

**BELMONT COUNTY SHERIFF,** *et al.*,

      **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Jasmine Anderson, sues the Belmont County Sheriff and several of its employees under 42 U.S.C. § 1983 for violation of her constitutional rights. (Compl., ECF No. 1-2.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that she has $1.24 in her prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A839159) at the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

2

## I.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>      (i) is frivolous or malicious; [or]
>
>      (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

3

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that she was beaten while handcuffed and held in solitary confinement because she is transgender. Plaintiff further alleges that Defendant Lt. Weeks lied in open court

regarding the video of the beating and edited out the part of the video showing the beating. Plaintiff names the Belmont County Sheriff, Jarrett Weeks, David Lucas, James Zuzack, and Chris Baker as Defendants and seeks damages and injunctive relief. (Compl., ECF No. 1-2.)

The undersigned construes Plaintiff's Complaint to advance claims under 42 U.S.C. § 1983 for (1) excessive force in violation of the Eighth Amendment, and (2) procedural due process violations under the Fourteenth Amendment. All of Plaintiff's claims must be dismissed.

First, Plaintiff fails to state a claim against Belmont County or its Sheriff. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of Belmont County. Indeed, she does not make any allegations as to Belmont County or the Belmont County Sheriff at all, beyond naming the Belmont County Sheriff as a Defendant.

5

Plaintiff therefore alleges no facts establishing that any violations of her rights were caused by a municipal custom or policy (as opposed to the misconduct of an individual). That is, "[sh]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). All claims against the Belmont County or the Belmont County Sheriff must therefore be dismissed.

Similarly, to the extent that Plaintiff sues any of the individual Defendants in their official capacity, those claims must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entities (Belmont County or its Sheriff's office). Accordingly, any official-capacity claims against the individual Defendants must be dismissed.

As to Plaintiff's individual-capacity claims, Plaintiff's excessive force claim must be dismissed because Plaintiff fails to allege that any particular Defendant was involved in the alleged beating. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (quoting *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) and *Lanman v. Hinson*,

529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Nor do allegations that an individual defendant "was present and perhaps involved in" the plaintiff's injuries without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Here, Plaintiff alleges in the passive voice only that she "was beaten while handcuffed"; her allegations therefore fail to state an excessive force claim under § 1983 against the individual Defendants.

Plaintiff does make particularized allegations against Defendant Weeks, alleging that he lied in open court regarding the video of the beating and edited out the part of the video showing the beating. The undersigned construes these allegations to advance a procedural due process claim against Weeks. "The Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law." *Johnson v. Morales*, 946 F.3d 911, 921 (6th Cir. 2020) (citing U.S. Const. amend. XIV, § 1). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). Thus, the procedural due process analysis involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460 (1989) (citations omitted). "In other words, the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 364 F. App'x 221, 224 (6th Cir. 2010) (citing *Wilkinson*, 545 U.S. at 224). Here, Plaintiff alleges no deprivation of liberty or property that was implicated by Weeks' testimony.

7

She therefore has not alleged a liberty or property interest sufficient to state a procedural due process claim against Weeks.

### III.     DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, the undersigned **RECOMMENDS** that Plaintiff's Complaint be dismissed for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e), 1915A(b).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE