**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JASMINE A. ANDERSON,

      **Plaintiff,**

    v.

BELMONT COUNTY SHERIFF, *et al.*,

      **Defendants.**

                                 **Civil Action 2:26-cv-357
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court on Plaintiff's April 27, 2026 Motion for Continuance and Motion to Appoint Counsel (ECF No. 9). Therein, Plaintiff, an Ohio inmate proceeding without the assistance of counsel, requests a 60-day continuance and asserts that she will be released from prison on June 2, 2026, and that she needs to be at home in order to obtain necessary records and retain counsel. She also asks that the Court appoint counsel. (*Id.*)

This case is **STAYED** through **JUNE 29, 2026**. Plaintiff must provide the Court with an updated mailing address **ON OR BEFORE JULY 13, 2026**. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [the *pro se* litigant's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1

(S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Plaintiff is **CAUTIONED** that failure to update her address may result in dismissal of this action for failure to prosecute.

Moreover, if Plaintiff is no longer incarcerated, she must also file a non-prisoner *in forma pauperis* motion or pay the filing fee in order to proceed with this action. *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997). Plaintiff is **ORDERED** to either file a non-prisoner *in forma pauperis* motion or pay the filing fee **ON OR BEFORE JULY 13, 2026**. Plaintiff is **CAUTIONED** that (if she is no longer incarcerated) failure to either file a non-prisoner *in forma pauperis* motion or pay the filing fee may result in dismissal of this action for failure to prosecute.

However, Plaintiff's motion to appoint counsel is **DENIED**. Although Plaintiff is proceeding *in forma pauperis*, appointment of counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is not warranted at this juncture.

In sum, Plaintiff's Motion for Continuance and Motion to Appoint Counsel (ECF No. 9) is **GRANTED IN PART and DENIED IN PART**.


   **IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

2